UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

DOMINIQUE HATCHER,

                                     Plaintiff,

     - against -                             **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity;
and New York City Police Officers JESUS CAPO,     **JURY TRIAL**
JOHNPAUL PENNACCHIA (Shield #9573), and
JOHN DOE, in their individual capacities,

                                 Defendants.

------------------------------------------------------------------- X

Plaintiff DOMINIQUE HATCHER, by her attorneys, Beldock Levine & Hoffman LLP, as and for her complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries Plaintiff sustained from the unconstitutional conduct of Defendants THE CITY OF NEW YORK and New York City Police Officers JESUS CAPO, JOHNPAUL PENNACCHIA (Shield # 9573), and JOHN DOE.

2. On July 4, 2014, at approximately 8:00 p.m., the defendant officers accosted Plaintiff in front of her two-year-old stepdaughter and fifteen-year-old nephew. Without reasonable suspicion that she was engaged in any illegal activity, the officers illegally stopped her. They detained Plaintiff without lawful authority, handcuffed her, and unlawfully searched the trunk of her car. Within the trunk, the officers opened a bag containing fireworks that Plaintiff had legally purchased in North Carolina. Despite the obvious illegality of their search of Plaintiff's car, which any reasonable officer would know was unconstitutional and would lead to the suppression of any evidence found there, the officers maliciously charged Plaintiff with a

non-criminal violation for possessing fireworks in violation of Penal Law § 270.00(2)(b)(i). Those charges were dismissed on December 16, 2014.

3. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and financial loss caused by the illegal actions of the Defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff DOMINIQUE HATCHER, a citizen of the United States, is and was at all times relevant to this Complaint a resident of New York County, City and State of New York.

9. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

10. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11. Defendants Police Officers JESUS CAPO, JOHNPAUL PENNACCHIA (Shield # 9573), and JOHN DOE are NYPD Police Officers who unlawfully detained, frisked, assaulted, and arrested Plaintiff without suspicion of any illegal activity and lodged a false criminal charge against her.

12. At all times relevant herein, Defendants CAPO, PENNACCHIA, and DOE have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

13. At the times relevant herein, Defendants CAPO, PENNACCHIA, and DOE violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## STATEMENT OF FACTS

14. On July 4, 2014, Dominique Hatcher was preparing to take her two-year-old stepdaughter and fifteen-year-old nephew home after they spent the July 4th holiday with her mother.

15. She left her mother's home at 92 St. Nicholas Avenue with the children, walked to her car at 115th Street and St. Nicholas Avenue, and put a tray of food in the backseat.

16. She noticed an unmarked police car pass her slowly.

17. Thereafter, she took her stepdaughter and nephew to a local store to buy a toy.

18. On the way to the store, she spoke briefly to an old neighborhood friend.

19. After purchasing the toy, Ms. Hatcher, her stepdaughter, and her nephew walked back to the car.

20. As she was walking back, three uniformed officers—upon information and belief, Defendant Officers CAPO, PENNACCHIA, and DOE—jumped out of the unmarked car.

21. Defendant Officer CAPO aggressively shoved Ms. Hatcher against the gate, pushed her arms behind her back, and handcuffed her.

22. Ms. Hatcher's mother came down and attempted to reason with the officers.

23. The officers refused to provide Ms. Hatcher's mother with any information about her daughter's arrest.

24. CAPO, noticing that the doors to the car were locked, then patted Ms. Hatcher down, took the car keys from Ms. Hatcher's pocket and, without a warrant or any lawful authority, opened the doors and trunk to her car.

25. The defendant officers began searching through Ms. Hatcher's car, including within containers and bags.

26. The officers located a black garbage bag in Ms. Hatcher's trunk. The bag had a box of fireworks legally purchased in North Carolina.

27. A second, marked police car arrived. Defendant Officers CAPO, PENNACCHIA, and DOE placed Ms. Hatcher in the backseat of the second police car.

28. Ms. Hatcher was taken to the precinct where she was fingerprinted and searched.

29. After spending approximately three hours at the precinct, she was given a Desk Appearance Ticket signed by Detective Capo and told she could leave.

30. Police Officer Johnpaul Pennacchia, Shield 09573 signed a complaint charging Ms. Hatcher with unlawfully dealing with Fireworks.

31. After three court appearances, the charges against Ms. Hatcher were dismissed on December 14, 2014.

32. Defendants' conduct caused Plaintiff to suffer loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to her reputation.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

33. Plaintiff served a Notice of Claim upon the City of New York by certified mail on October 1, 2014, within ninety days of the events giving rise to her claims.

34. Plaintiff attended a hearing pursuant to section 50-h of the New York General Municipal Law on March 10, 2015.

35. More than thirty days have elapsed since Plaintiff served a Notice of Claim and the City has not offered adjustment or payment thereof.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (Individual Defendants)

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

37. In committing the acts and omissions complained of herein, Defendants CAPO, PENNACCHIA, and DOE acted under color of state law to deprive Plaintiff of certain

constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a.    the right to be free from unreasonable search and seizure;

    b.    the right to be free from arrest without probable cause;

    c.    the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which she did not consent;

    d.    the right to be free from the lodging of false criminal charges by police officers;

    e.    the right to be free from malicious prosecution by police officers, that is, prosecution without probable cause that is instituted with malice and that ultimately terminated in Plaintiff's favor; and

    f.    the right to be free from deprivation of liberty without due process of law.

38. As a direct and proximate result of being deprived of these constitutional rights, Plaintiff suffered the injuries and damages set forth above.

39. The unlawful conduct of Defendants CAPO, PENNACCHIA, and DOE was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
**Violations of New York State Constitution**

40. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by Article 1, § 6 and 12 of the New York State Constitution, including, without limitation, the right to due process and the right to be free from unreasonable searches and seizures.

42. As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth above.

### THIRD CAUSE OF ACTION
**Assault and Battery**

43. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

44. Defendants CAPO, PENNACCHIA, and DOE, without just cause, wilfully and maliciously used physical force against Plaintiff, causing them injuries.

45. Defendants CAPO, PENNACCHIA, and DOE committed the foregoing acts intentionally, wilfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

### FOURTH CAUSE OF ACTION
**False Imprisonment**

46. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

47. Defendants CAPO, PENNACCHIA, and DOE, through the foregoing acts, caused Plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff were aware and to which they did not consent.

48. Defendants CAPO, PENNACCHIA, and DOE committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Malicious Prosecution

49. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. Defendants CAPO, PENNACCHIA, and DOE, through the foregoing acts, maliciously commenced criminal proceedings against Plaintiff, which ended in their favor, without probable cause to believe Plaintiff was guilty of the crimes charged.

51. Defendants CAPO, PENNACCHIA, and DOE committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

52. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53. Defendants CAPO, PENNACCHIA, and DOE, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

54. Defendants CAPO, PENNACCHIA, and DOE committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
### *Respondeat Superior*

55. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56. At all relevant times, Defendants CAPO, PENNACCHIA, and DOE were employees of the City and were acting within the scope of their employment.

57. The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of Defendants CAPO, PENNACCHIA, and DOE set forth herein.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from Defendants CAPO, PENNACCHIA, and DOE to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 22, 2015

Luna Droubi (LD7275)
Joshua S. Moskovitz (JM3635)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH Suite
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiff Dominique Hatcher*

9