UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                      :
DOMINIQUE HATCHER,                                    :
                                                      :
                                  Plaintiff,          :
                                                      :
                  - against -                         :
                                                      :
THE CITY OF NEW YORK, a municipal                     :
entity; and New York City Police Officers             :
JESUS CAPO, JOHN PAUL PENNACCHIA                      :
(Shield #9573), and JOHN DOE, in their                :
individual capacities,                                :
                                                      :
                                  Defendants.         :
                                                      :
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/2018

15-CV-7500 (VSB)

**OPINION & ORDER**

Appearances:

Luna Droubi
Beldock Levine & Hoffman LLP
New York, New York
*Counsel for Plaintiff*

Alan Howard Scheiner
Cheryl Leah Shammas
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Dominique Hatcher brings this action under 42 U.S.C. § 1983, alleging claims

for unreasonable search and seizure, false arrest and false imprisonment, and malicious

prosecution in violation of her Fourth and Fourteenth Amendment rights, as well as numerous

state law claims. Before me is the motion of the City of New York (the "City"), Police Officer

Jesus Capo, and Police Officer Johnpaul Pennacchia (together with the City, "Defendants"), to

dismiss all of the causes of action in Plaintiff's Complaint under Federal Rule of Civil Procedure

12(b)(6).

For the reasons that follow, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Specifically, because I find that the officers had arguable probable cause and are thus entitled to qualified immunity as to Plaintiff's false arrest, false imprisonment and malicious prosecution claims under both state and federal law, Defendants' motion to dismiss as to these claims is GRANTED.  Further, because I find that Plaintiff has not plausibly alleged claims for state law intentional infliction of emotional distress or assault and battery, Defendants' motion to dismiss as to those claims is also GRANTED.  Because I find that Plaintiff has plausibly alleged a violation of her Fourth Amendment rights and related damages with respect to her unlawful search and seizure claims, Defendants' motion to dismiss Plaintiff's unlawful search and seizure claims is DENIED.  Further, Defendants' motion to dismiss Plaintiff's claims against the City is DENIED only with respect to the claim against the City arising out of Plaintiff's state law claims of unlawful search and seizure.  All other claims against the City are dismissed.

## I.      __Background__[1]

Plaintiff alleges that on July 4, 2014, after spending time at her mother's house in Harlem, New York, she walked from her mother's home to her car with her two-year-old stepdaughter and fifteen-year-old nephew.  (Compl. ¶¶ 14–15.)[2]  Plaintiff put a tray of food in the backseat of her car and, around the same time, noticed an unmarked police car pass by slowly.  (*Id.* ¶¶ 15–16.)  After placing the tray of food in the back seat of her car, Plaintiff took

---

[1] The following factual summary is drawn from the allegations of the Complaint, unless otherwise indicated, which I assume to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to the Complaint filed in this action on September 22, 2015.  (Doc. 1.)

her stepdaughter and nephew to a local store to buy a toy, stopped briefly along the way to speak with an old neighborhood friend, purchased the toy at the store, and walked back to her car. (*Id.* ¶¶ 17–19.)  As she was walking back to her car, Capo, Pennacchia, and Doe (the "Officers") jumped out of the unmarked police car and Capo "aggressively shoved [Plaintiff] against the gate, pushed her arms behind her back, and handcuffed her."  (*Id.* ¶¶ 20–21.)  Plaintiff's mother arrived at the location and attempted to reason with the Officers.  (*Id.* ¶ 22.)  The Officers refused to provide Plaintiff's mother with any information about Plaintiff's arrest.  (*Id.* ¶ 23.)

Capo noticed that the car doors of Plaintiff's car were locked, searched Plaintiff, took her car keys, and opened both the doors and trunk to her car.  (*Id.* ¶ 24.)  Capo, Pennacchia, and Doe then searched Plaintiff's car, including containers and bags located in the car and the trunk.  The Officers found a black garbage bag in Plaintiff's trunk that contained a box of fireworks purchased in North Carolina.  (*Id.* ¶¶ 25–26.)  A second police car arrived, and the Officers put Plaintiff in the backseat of the second police car and took her to the police precinct, where she was fingerprinted and searched.  (*Id.* ¶¶ 27–28.)  After spending approximately three hours at the police precinct, Plaintiff was given a Desk Appearance Ticket, and was told she could leave.  (*Id.* ¶ 29.)  Pennacchia thereafter signed a criminal complaint charging Plaintiff with violating New York Penal Law § 270.00(2)(b)(i) for unlawfully dealing in fireworks.[3]  (*Id.* ¶¶ 2, 30.)  After Plaintiff made three court appearances, the charges were dismissed on December 14, 2014. (*Id.* ¶ 31.)

On October 1, 2014, Plaintiff served a notice of claim on the City of New York (the

---

[3] New York Penal Law § 270.00 was amended effective December 20, 2014, and again effective January 21, 2018. *See* 2014 N.Y. Sess. Laws Ch. 477 (S. 7888); 2017 N.Y. Sess. Laws Ch. 371 (S. 724-A).  The relevant provision, which is substantially the same, is now New York Penal Law § 270.00(2)(a)(iii), which states that "[e]xcept as herein otherwise provided, or except where a permit is obtained . . . any person who shall possess . . . any fireworks or dangerous fireworks is guilty of a violation."  Because Plaintiff was arrested in July 2014, I will reference the pre-2014 version of New York Penal Law § 270.00 for the purpose of this Opinion and Order.

"Notice of Claim").  (*Id.* ¶ 33.)  Plaintiff then attended a hearing under section 50-h of the New York General Municipal Law on March 10, 2015.  (*Id.* ¶ 34.)  The City did not offer an adjustment or payment for her claim.  (*Id.* ¶ 35.)

## II.    Procedural History

On September 22, 2015, Plaintiff filed the Complaint, alleging causes of action under § 1983 for unreasonable search and seizure, false arrest and false imprisonment, and malicious prosecution all in violation of her Fourth and Fourteenth Amendment rights, and numerous state law claims.  (*See id.* ¶¶ 36–57.)  On January 20, 2016, Defendants filed a pre-motion letter in anticipation of filing a motion to dismiss, (Doc. 17), to which Plaintiff responded on January 22, 2016, (Doc. 18).  I held a pre-motion conference on Defendants' anticipated motion on February 25, 2016.  (*See* Dkt. Entry Feb. 25, 2016.)

In accordance with the deadlines set during that conference, Defendants submitted their motion to dismiss on March 24, 2016.  (Docs. 22–24.)  Plaintiff filed her opposition on May 5, 2016, (Doc. 27), and on May 19, 2015, Defendants filed their reply, (Doc. 29).

## III.   Legal Standards

### A.    *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:  the full factual picture

presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *See Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### B.    *Section 1983*

Section 1983 provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. In other words, "[t]o state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1703 (2015). Further, "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

IV.    **Discussion**

A.    *False Arrest and False Imprisonment*

Defendants argue with respect to Plaintiff's claims for false arrest and false imprisonment

that the Officers had probable cause to arrest Plaintiff.  (Defs.' Mem. 2.)[4]  In the alternative,

Defendants argue that the Officers are entitled to qualified immunity.  (*See id.* at 11–15.)

Because I find that, in light of the facts known to the Officers at the time of the arrest, an officer

of reasonable competence could have concluded that the arrest was justified by probable cause,

thus entitling the Officers to qualified immunity, I grant Defendants' motion to dismiss as to

Plaintiff's state and federal claims for false arrest and false imprisonment.

### 1.  Applicable Law

A § 1983 claim for false arrest that is alleged to have occurred in New York is

"substantially the same as a claim for false arrest under New York law."  *Gonzalez v. City of

Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013).  Further, "[u]nder New York law, false arrest

and false imprisonment are one and the same, and the elements for both are the same as for a

false arrest claim under § 1983."  *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 515 (S.D.N.Y.

2013).  Under federal and state law, a plaintiff bringing a false arrest and/or false imprisonment

claim must demonstrate that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff

was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the

confinement was not otherwise privileged."  *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d

Cir. 1995) (citation omitted); *see also Hershey*, 938 F. Supp. 2d at 515.

"[T]he existence of probable cause is an absolute defense to a false arrest claim."  *Jaegly*

---

[4] "Defs.' Mem." refers to Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint in its Entirety Pursuant to Fed. R. Civ. P. 12(b)(6), filed March 24, 2016.  (Doc. 24.)

*v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *see also Higginbotham v. City of New York*, 105 F.

Supp. 3d 369, 373 (S.D.N.Y. 2015) (citing *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir.

2013)).  Probable cause exists when an officer "has 'knowledge or reasonably trustworthy

information of facts and circumstances that are sufficient to warrant a person of reasonable

caution in the belief that the person to be arrested has committed or is committing a crime.'"

*Jaegly*, 439 F.3d at 152 (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

 For federal false arrest claims, even in circumstances where a preceding search is illegal,

police officers may use evidence obtained in that illegal search to establish probable cause for an

arrest.  *See Townes v. City of New York*, 176 F.3d 138, 144–49 (2d Cir. 1999) ("The fruit of the

poisonous tree doctrine . . . is inapplicable to civil § 1983 actions.").  There is some dispute,

however, as to whether this principle applies when the underlying claim is a state, rather than

federal, false arrest claim.  *Compare Ostrover v. City of New York*, 600 N.Y.S.2d 243, 244–35

(1st Dep't 1993) (finding that the "fruit of an illegal search cannot give rise, in a juristic sense, to

probable cause to arrest"), *Fakoya v. City of New York*, 982 N.Y.S.2d 335, 336 (2d Dep't 2014)

("Evidence which is illegally obtained in violation of a plaintiff's rights may not be used to

establish probable cause."), *and Tetreault v. New York*, 485 N.Y.S.2d 864, 865–66 (3d Dep't

1985) (holding that plaintiff's arrest was without justification where troopers' observation of

drug capsules in plaintiff's car was the result of an unlawful traffic stop), *with Martinez v. City of

Schenectady*, 735 N.Y.S.2d 868, 872–73 (2001) (holding that "[t]he existence of probable cause

serves as a legal justification for the arrest and an affirmative defense to the claim" even where

part of the evidence establishing probable cause was suppressed due to the illegality of the search

yielding that evidence).

 Although there is some ambiguity as to whether New York courts apply the same

reasoning as *Townes*, qualified immunity protects an officer "so long as he had 'arguable probable cause' to arrest, which 'exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)). In other words, arguable probable cause may be established where, "in light of the facts known to police at the time of [the plaintiff's] arrest, an officer of reasonable competence could have concluded that the arrest was justified by probable cause." *Figueroa v. Mazza*, 825 F.3d 90, 99 (2d Cir. 2016) (internal quotation marks omitted); *see also Cabral v. City of New York*, 662 F. App'x 11, 13 (2d Cir. 2016) (summary order) (finding that officers were entitled to qualified immunity for a state false arrest claim even though it was uncertain, under New York case law, whether evidence obtained through an unlawful search could be considered as probable cause for an arrest). Thus, even where evidence establishing probable cause is suppressed or found to be obtained pursuant to an unlawful search, such evidence may nonetheless provide "the reasonable basis necessary for qualified immunity" for a plaintiff's state false arrest claim. *Cabral*, 662 F. App'x at 13 (internal quotation marks omitted); *see also Gonzalez*, 728 F.3d at 158 & n.4 (disposing of plaintiff's state false imprisonment claim where officers had arguable probable cause to arrest because "New York law grants government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis" (internal quotation marks omitted)). Further, qualified immunity can be established at the pleading stage. *See Garcia v. Does*, 779 F.3d 84, 97 (2d Cir. 2015) ("The Supreme Court has made clear that qualified immunity can be established by the facts alleged in a complaint.").

## 2.  Application

Defendants claim that Plaintiff's arrest for possession of fireworks in violation of New York Penal Law § 270.00(2)(b)(i) was preceded by the Officers finding a box of fireworks in the trunk of Plaintiff's car, and therefore there was probable cause to arrest Plaintiff.  (Defs.' Mem. 2.)  They then argue that to the extent Plaintiff posits the argument that the search of Plaintiff and her car were illegal thereby vitiating her arrest under the "fruit of the poisonous tree" doctrine, such an argument must be rejected pursuant to the Second Circuit's decision in *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999).  (*See* Defs.' Mem. 3–4.)  Defendants also cite to *Martinez v. City of Schenectady*, 735 N.Y.S.2d 868 (2001), to support their assertions.[5]  (*See id.* at 23.)  While Plaintiff concedes that *Townes* bars her federal false arrest claim under § 1983, she argues that *Townes* does not apply to her state false arrest claim, citing to a number of state court decisions electing not to apply the reasoning in *Townes*, such as *Ostrover v. City of New York*, 600 N.Y.S.2d 243 (1st Dep't 1993).  (Pl.'s Opp. 4 n.2, 22–23.)[6]

Although, as I acknowledged above, New York courts have issued seemingly conflicting holdings with respect to this issue, I find that the Officers had at least arguable probable cause to arrest Plaintiff, and are thus entitled to qualified immunity for Plaintiff's state false arrest claim. The Officers noticed that the car doors of Plaintiff's car were locked, took Plaintiff's car keys, and searched Plaintiff's car, finding a black garbage bag in Plaintiff's trunk that contained a box of fireworks.  (Compl. ¶¶ 24–26.)  New York Penal Law § 270.00(2)(b)(i) stated that "any person who shall possess . . . any fireworks or dangerous fireworks is guilty of a violation."

---

[5] To be certain, the New York Court of Appeals in *Martinez* addressed a markedly different scenario, both because probable cause was supported by reasons apart from the suppressed evidence, and because the plaintiff had the chance to challenge the inclusion of the evidence at the prior criminal proceeding.  *See Martinez*, 735 N.Y.S.2d at 872–73.

[6] "Pl.'s Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed May 5, 2016.  (Doc. 27.)

Therefore, in light of the facts known to the Officers at the time of Plaintiff's arrest and drawing all reasonable inferences in Plaintiff's favor, "an officer of reasonable competence could have concluded that the arrest was justified by probable cause." *Figueroa*, 825 F.3d at 99 (internal quotation marks omitted); *see also Cabral*, 662 F. App'x at 13 ("Whatever ambiguity may exist as to *Martinez*'s adoption of *Townes*'s reasoning, the existence of such a decision by New York's highest court would afford at least the reasonable basis necessary for qualified immunity with regard to the state claim against [the officer]." (citation and internal quotation marks omitted)). Because the Officers had, at minimum, arguable probable cause to arrest Plaintiff for possession of fireworks, they are entitled to qualified immunity as to Plaintiff's state false arrest claim.

Thus, Defendants' motion to dismiss as to Plaintiff's state false arrest and false imprisonment claims is granted, and these claims are dismissed with prejudice. As noted above, Plaintiff acknowledges that she "does not assert a false arrest claim under [§] 1983 based on the discovery of the fireworks." (Pl.'s Opp. 4 n.2.) To be clear, to the extent that Plaintiff asserts any federal false arrest claims, Defendants' motion to dismiss is also granted as to these claims, *see Townes*, 176 F.3d at 144–49, and Plaintiff's federal false arrest claims pursuant to § 1983 are also dismissed.

### B.    *Malicious Prosecution*

Defendants also argue that I should dismiss Plaintiff's claim for malicious prosecution for three reasons: there was probable cause to commence the proceeding; Plaintiff has not shown a sufficient post-arraignment liberty restraint to implicate her Fourth Amendment rights; and Plaintiff has not shown that the proceeding terminated in her favor. (*See* Defs.' Mem. 5–11.) Because I find that the Officers had arguable probable cause and are entitled to qualified immunity as to the malicious prosecution claim as well, Defendants' motion to dismiss this claim

under both state and federal law is granted.

## 1. Applicable Law

To state a malicious prosecution claim under § 1983, a plaintiff must allege the elements of a state-law malicious prosecution claim. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). The elements of malicious prosecution are: (1) the initiation of a prosecution against a plaintiff; (2) without probable cause; (3) the proceedings were begun with malice; and (4) the matter terminated in plaintiff's favor. *See O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996). In addition, in actions brought under § 1983, a plaintiff must also have suffered a sufficient post-arraignment deprivation of liberty implicating his Fourth Amendment rights. *See Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

As with claims for false arrest brought under § 1983, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). However, "[p]robable cause to arrest differs from probable cause to *prosecute* because the evidentiary standard is higher for the latter than for the former." *Hoyos v. City of New York*, 650 F. App'x 801, 802 (2d Cir. 2016) (summary order). "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Stansbury*, 721 F.3d at 95 (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)). Further, even in the absence of probable cause, an officer is entitled to qualified immunity where there is arguable probable cause to arrest. *See Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014) ("Plaintiff's false arrest, false imprisonment, and malicious prosecution claims therefore turn on whether the

defendant officers' probable cause determination was objectively reasonable—that is, whether there was arguable probable cause to arrest." (internal quotation marks omitted)).

### 2. Application

Here, Defendants claim that probable cause existed to prosecute Plaintiff for possession of fireworks under New York Penal Law § 270.00(2)(b)(i) because the Officers found fireworks in the trunk of Plaintiff's car. (Defs.' Mem. 5–7.) As noted above, New York Penal Law § 270.00(2)(b)(i) stated in relevant part that "any person who shall possess . . . any fireworks or dangerous fireworks is guilty of a violation." I find that, accepting Plaintiff's allegations in the Complaint as true and drawing all inferences in Plaintiff's favor, the Officers had, at a minimum, arguable probable cause to arrest Plaintiff. Although Plaintiff claims that she legally purchased the fireworks in North Carolina, (Compl. ¶ 26), and it is plausible to infer that at or around the time of her arrest she explained this to the Officers prior to Pennacchia signing the criminal complaint, this does not erase the existence of arguable probable cause to arrest Plaintiff for possessing fireworks. *See Cabral v. City of New York*, No. 12 Civ. 4659(LGS), 2014 WL 4636433, at *8 (S.D.N.Y. Sept. 17, 2014) ("Here, there is no dispute that Defendant Thompson discovered marijuana in Plaintiff's vehicle and that Plaintiff acknowledged it belonged to him. That discovery provides the requisite probable cause underlying the criminal prosecution of Plaintiff, defeating any malicious prosecution claim by Plaintiff against Defendants under state or federal law."), *aff'd*, 662 F. App'x 11 (2d Cir. 2016) (summary order).

Plaintiff also argues that the Officers lacked probable cause to prosecute her because the evidence upon which they based the criminal complaint was gathered pursuant to an unlawful search and thus would have been inadmissible to prove guilt of the alleged crime. (*See* Pl.'s Opp. 7–10.) In addressing this point, Defendants again point to the Second Circuit's decision in

*Townes* and its progeny in support of the proposition that the "fruit of the poisonous tree doctrine . . . is inapplicable to civil § 1983 actions." *Townes*, 176 F.3d at 145. As an initial matter, Defendants need only establish that the Officers had arguable probable cause to demonstrate that the Officers are entitled to qualified immunity. *See Betts*, 751 F.3d at 83. Moreover, although Plaintiff cites another Second Circuit decision, *Boyd v. City of New York*, 336 F.3d 72 (2d Cir. 2003), in support of her conclusion that the exclusionary rule *does* apply in malicious prosecution cases, (*see* Pl.'s Mem. 8–9), *Boyd* does not apply to this case. In a recent decision the Second Circuit clarified the holding in *Boyd*, stating that:

> *Boyd* did not hold that inadmissible evidence cannot be used in evaluating probable cause for a prosecution, but only that where the sole evidence of a defendant's guilt is a single statement that police would have understood at the time could not be used in a criminal case (a circumstance largely limited to the facts of *Boyd* itself) such evidence is not alone sufficient to defeat a malicious prosecution claim.

*Restivo v. Hessemann*, 846 F.3d 547, 570 (2d Cir. 2017) (emphasizing that in *Boyd*, the only evidence tying Boyd to the crime was an obviously inadmissible confession made after the arrest); *see also Cyrus v. City of New York*, 450 F. App'x 24, 26 (2d Cir. 2011) (summary order) (affirming district court's decision to grant summary judgment to the defendant and refusing to apply the exclusionary rule to find that defendant lacked probable cause to prosecute plaintiff for criminal possession of a weapon, even assuming that the weapon was found pursuant to an unlawful arrest). I decline to extend *Boyd* to this case and therefore grant Defendants' motion to dismiss both the state and federal claims for malicious prosecution.

In a footnote, Plaintiff further "requests leave to amplify the allegations that support her malicious prosecution claim." (Pl.'s Opp. 10 n.5.) I interpret this statement to be a request to amend the Complaint. Defendants oppose this request. (Defs.' Reply 3 n.2.)[7] Given that

---

[7] "Defs.' Reply" refers to Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss

Plaintiff has acknowledged that the fireworks were her property, and does not dispute Defendants' characterization of her failure to allege that she had a permit, (*see* Defs.' Mem. 2; *see generally* Pl.'s Opp.), Plaintiff's request to "amplify the allegations" is denied since I find that any amendment of this cause of action would be futile. In addition, I provided Plaintiff with multiple opportunities to amend, and warned Plaintiff at the pre-motion conference on February 25, 2016 that I would scrutinize any requests for leave to amend thoroughly if the request was made after a motion to dismiss was fully briefed. (PMC Tr. 10:17–12:1.)[8] Plaintiff has not set forth any justification for not "amplify[ing] the allegations" related to this cause of action by filing an amended complaint after the filing of the motion to dismiss.

### C. *Unlawful Search and Seizure*[9]

Defendants also move to dismiss Plaintiff's unlawful search and seizure claim on the grounds that (1) Plaintiff has not pled a prima facie case for an unreasonable stop, and (2) Plaintiff has not alleged any compensable injury. (Defs.' Mem. 18–20.) Because I find that the allegations in the Complaint plausibly allege a violation of Plaintiff's Fourth Amendment rights and a claim for related damages, Defendants' motion to dismiss Plaintiff's unlawful search and seizure claim is denied.

---

the Complaint in its Entirety Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 29.)

[8] "PMC Tr." refers to the Transcript of the Pre-Motion Conference held before me on February 25, 2016 at 11:30 a.m.

[9] Plaintiff did not reference the seizure of the fireworks found in her car as part of any of her causes of action. (*See* Compl. ¶ 32 (claiming as financial losses only "loss of income").) In fact, even in her opposition, Plaintiff charges Defendants with failing to move to dismiss her claims "based on the unlawful stop, search of her person, or search of her car," not any seizure of physical property related to those searches. (*See* Pl.'s Opp. at 4–7.) To the extent that Plaintiff does wish to state such a claim, I find that her Complaint has failed to do so. *See Cabral*, 2014 WL 4636433, at *9 (holding that the seizure of a vehicle and cash was justified by the discovery of contraband).

### 1. Applicable Law

In analyzing a claim for unlawful search and seizure under the Fourth Amendment, courts look to the reasonableness of the search when determining whether a search violated a plaintiff's constitutional rights. *See Terry v. Ohio*, 392 U.S.1, 9 (1968) ("[T]he Constitution forbids . . . not all searches and seizures, but unreasonable searches and seizures" (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960))). Additionally, the Supreme Court has "consistently accorded law enforcement officials greater latitude in exercising their duties in public places." *Florida v. White*, 526 U.S. 559, 565 (1999).

Because unlawful search and seizure actions brought pursuant to § 1983 are "analogous to state common law tort actions" and "serv[e] primarily the tort objective of compensation," a plaintiff bringing a § 1983 claim must establish "proximate causation." *Townes*, 176 F.3d at 146. Further, "[t]he goal of . . . § 1983 jurisprudence has been to tailor liability to fit the interests protected by the particular constitutional right in question," and thus "damages should be made available only for risks that are constitutionally relevant." *Id.* (internal quotation marks omitted).

### 2. Application

In moving to dismiss Plaintiff's claims of unlawful search and seizure, Defendants do not make any attempt to assert a substantive legal challenge to Plaintiff's allegations that she was subject to an unreasonable stop, frisk, and search, but instead focus their argument on a purported failure to plead any compensable injury. (*See* Defs.' Mem. 18–20 (stating merely that "[e]ven assuming plaintiff has pled a *prima facie case* for an unreasonable stop – which she has not – she has not alleged any actual, compensable injury"); Defs.' Reply 7 n.8 (opposing Plaintiff's argument that Defendants did not move to dismiss this cause of action by citing to pages 18–20 of their moving brief and also citing to their preliminary statement, which argued

only that the "stop claims must also be dismissed because it fails the *Iqbal/Twombly* test of plausibility, or at most, should be limited to nominal damages not exceeding one dollar").)   With respect to the first part of Plaintiff's claim—pleading a violation of her Fourth Amendment rights—Defendants' failure to raise any legal deficiencies with regard to the allegations in the Complaint is consistent with my analysis and conclusion that Plaintiff has satisfactorily alleged a violation of her Fourth Amendment rights.

Further, regarding Defendants' assertion that Plaintiff failed to allege damages suffered as a result of the actual stop and search, I find the allegations in the Complaint sufficient to survive Defendants' motion to dismiss.   By way of relief, Plaintiff seeks "(i) compensatory damages for psychological and emotional distress, and financial loss caused by the illegal actions of the Defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief."   (Compl. ¶ 3.)   Plaintiff does not ascribe her injury to any particular conduct by Defendants, but rather states more generally that the deprivation of her constitutional and other rights caused the damages for which she claims compensation.   (*See id.* ¶ 32 ("Defendants' conduct caused Plaintiff to suffer loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to her reputation."); *id.* ¶ 38 ("As a direct and proximate result of being deprived of these constitutional rights, Plaintiff suffered the injuries and damages set forth above.").)   In her opposition, Plaintiff further attributes the "psychological pain, embarrassment, humiliation, and harm to her reputation" to Defendants' actions, "including the illegal stop and search" in front of her mother, stepdaughter, and nephew.   (Pl.'s Opp. 16–18.)

In evaluating Defendants' argument, I find the case *Hayes v. Perotta*, 751 F. Supp. 2d 597 (S.D.N.Y. 2010), to be instructive.   The damages allegations in *Hayes* are analogous to

Plaintiff's allegations in the Complaint. As in *Hayes*, some of the injuries that Plaintiff allegedly suffered from the unlawful search are indirect and arguably far removed from the alleged unlawful search. *Id.* at 598–99 (stating plaintiff's alleged injuries included "loss of liberty" as a result of officers unlawful search); (*see also* Compl. ¶ 32 (claiming Plaintiff suffered "loss of liberty" and "loss of income").) Additionally, like the plaintiff in *Hayes*, Plaintiff refers to "a number of injuries for which it is unclear whether they were caused by the [arrest and prosecution] or the search itself." *Hayes*, 751 F. Supp. 2d at 599. Furthermore, the Court in *Hayes* still found that under *Townes*, "recovery for injuries that directly result from an unlawful search is permissible." *Hayes*, 751 F. Supp. 2d at 603; *see also Gannon v. City of New York*, 917 F. Supp. 2d 241, 244 (S.D.N.Y. 2013) ("I note that under *Townes*, damages related to the initial search and seizure would be possible." (internal quotation marks omitted)). As a result, a plaintiff may "attempt to recover damages from the loss of privacy and/or property from the search." *Hayes*, 751 F. Supp. 2d at 604.

This is similar to Plaintiff's allegations in this case. (*See* Compl. ¶ 32 (alleging "emotional and psychological pain, embarrassment, humiliation, and harm to her reputation"); *id.* ¶ 3 (alleging "psychological and emotional distress").) Given that the Complaint "alleges damage to [her] . . . mental health[] and interpersonal relationships," *Hayes*, 751 F. Supp. 2d at 605, to the extent those injuries were caused by the search itself, she has stated a claim for relief under both federal and state law, *see Bancroft v. City of Mount Vernon*, 672 F. Supp. 2d 391, 401 n.4 (S.D.N.Y. 2009) ("The standard for what constitutes a constitutionally reasonable search is the same under federal and New York State law."). [10] Since I find that the allegations in the

---

[10] Defendants also argue that, because Plaintiff "failed to produce any medical releases pursuant to Rule 83.10(1) of the Local Civil Rules for the Southern and Eastern Districts," she has waived her right to recover for physical or psychological injury. (Defs.' Mem. 18–19.) However, as Plaintiff notes, Local Civil Rule 83.10 expressly states that provision of a medical release is required only for injuries "other than 'garden variety' emotional distress."

Complaint plausibly allege a violation of Plaintiff's Fourth Amendment rights and a claim for related damages, I deny Defendants' motion to dismiss Plaintiff's claims of unlawful search and seizure.

### D. *Plaintiff's Remaining State Law Claims*

#### 1. Supplemental Jurisdiction

In addition to her § 1983 claims and related state law claims discussed above, Plaintiff alleges causes of action for assault and battery and intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 43–45, 52–54.) Defendants move to dismiss Plaintiff's these state law claims on three grounds: (1) that, assuming I dismiss all federal law claims, I should decline to exercise supplemental jurisdiction; (2) that Plaintiff's Notice of Claim to the City was defective under the New York General Municipal Law; and (3) that Plaintiff fails to state any claims. (Defs.' Mem. 20–25).

Since I have decided that certain of Plaintiff's federal law claims survive, and otherwise find that the state law claims are so related to the federal claims that they form part of the same case or controversy under 28 U.S.C. § 1367, I reject Defendants' jurisdictional argument.

#### 2. Notice of Claim

With regard to Plaintiff's Notice of Claim, Defendants' argue that the notice is defective for two reasons: first, that Plaintiff only named the City and not any individual officers in the Notice of Claim, warranting dismissal of all state law claims against the Officers under New York General Municipal Law § 50-e, and second, that Plaintiff did not raise a state law claim

---

(Pl.'s Opp. 18.) As a result, I do not find that Local Civil Rule 83.10 precludes the damages alleged by Plaintiff. *See Kennedy v. Arias*, 12 Civ. 4166 (KPF), 2017 WL 2895901, at *3 (S.D.N.Y. July 5, 2017) (finding in the context of a plaintiff's § 1983 excessive force claim that failure to produce medical records merely restricted the plaintiff to seeking "garden variety emotional distress damages" but did not completely preclude recovery (internal quotation marks omitted)).

related to the unreasonable stop in the Notice of Claim, barring this claim. (*See* Defs.' Mem. 21–23.)

With respect to the first argument, New York courts have split on this question. *Compare Goodwin v. Pretorius*, 962 N.Y.S.2d 539, 541–42 (4th Dep't 2013) (holding that the notice of claim statute does not require plaintiffs to name individual defendants in the claim "as a condition precedent to the commencement of an action against them"), *with Tannenbaum v. City of New York*, 819 N.Y.S.2d 4, 5 (1st Dep't 2006) ("General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim, thus warranting dismissal of the state claims against [the individual defendants]." (citation omitted)), *abrogated on other grounds by Kapon v. Koch*, 988 N.Y.S.2d 559 (2014).

Many, if not the majority, of recent district court decisions in the Southern District have found that the Fourth Department applies the approach more likely to be accepted by the New York Court of Appeals—that "failure to name individual defendants in a notice of claim is not an independently sufficient ground for dismissal." *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *10 n.5 (S.D.N.Y. Sept. 30, 2016); *see also Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 396–97 (S.D.N.Y. 2013); *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, No. 14-CV-8093 (KMK), 2016 WL 1274587, at *13 n.15 (S.D.N.Y. Mar. 31, 2016); *Garnett v. City of New York*, No. 13-cv-7083-GHW, 2014 WL 3950904, at *11 (S.D.N.Y. Aug. 13, 2014). This principle is based on the notion that "the primary inquiry regarding a Notice of Claim 'is not whether the individuals were identified *by name* in the Notice of Claim, but whether they were described sufficiently for the municipality to be able to investigate the claim.'" *Chamberlain*, 986 F. Supp. 2d at 397 (quoting *Verponi v. City of New York*, No. 16258/2004, 2011 WL 1991719, at *5 (N.Y. Sup. Ct. May 19, 2011)); *see also Brown v. City of*

*New York*, 718 N.Y.S.2d 4, 6 (2000) ("The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate." (internal quotation marks omitted)).

I agree with these decisions, particularly in light of the fact that in the instant case, the Notice of Claim presented enough information to allow the City to properly investigate the claim. (*See* Moulter Decl. 4–5);[11] *see also Garnett*, 2014 WL 3950904, at *11 (refusing to dismiss state law claims because the notice of claim failed to identify individual defendants was "particularly warranted where, as is the case here, the Notice of Claim was sufficient to permit the defendant to conduct a proper investigation and assess the merits of the claim" (internal quotation marks omitted)). The Notice of Claim clearly indicates individuals were involved in the alleged violations—stating that Plaintiff's claims arose out of "unlawful police conduct" and "excessive force by officers of the New York City Police Department." (Moulter Decl. 4.) This is sufficient information to enable the city to investigate the claim, *see Chamberlain*, 986 F. Supp. 2d at 397; *Brown*, 718 N.Y.S.2d at 6, and thus Defendants' first argument fails.

With respect to the second argument, I note that the Notice of Claim referred to an "unlawful search of her person and vehicle" and "unreasonable search and seizure," (Moulter Decl. 4–5), which I find was sufficient to put Defendants on notice of the relevant theory of liability, *cf. Nieblas-Love v. N.Y.C. Hous. Auth.*, 165 F. Supp. 3d 51, 76–77 (S.D.N.Y. 2016) (dismissing negligent and intentional infliction of emotional distress claims where the notice of claim described the nature of the plaintiff's claim as "wrongful termination," "employment discrimination," "negligency," and "harassment"). Therefore, I find the notice of claim is

---

[11] "Moulter Decl." refers to the Declaration of Alex Moulter submitted with Plaintiff's opposition, filed May 5, 2016. (Doc. 27-1.) The page numbers of the Declaration and attached exhibits do not have page numbers, and thus I refer to the pages assigned to it by the Court's Electronic Case Filing ("ECF") system.

sufficient to permit Plaintiff's filing of all of his state law claims.

### 3. Sufficiency of the State Law Claims

Turning next to the sufficiency of Plaintiff's remaining state law claims of intentional infliction of emotional distress and assault and battery, Plaintiff has failed to state a claim with regard to both of these claims. First, Plaintiff does not state a claim for IIED because she does not plead "extreme and outrageous conduct" as required to support a finding of IIED. *See Cabral*, 2014 WL 4636433, at *12 (finding, where the plaintiff was handcuffed because he was in the same car as a suspect, arrested when the officers discovered marijuana in the car, strip searched, and prosecuted, "no reasonable juror could find that Defendants' actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (internal quotation marks omitted)).

In addition, Plaintiff does not state a claim for assault and battery because the only physical force she alleges—Capo "aggressively shov[ing her] against the gate, push[ing] her arms behind her back, and handcuff[ing] her," (Compl. ¶ 21)—is not the type of unreasonable and excessive force justifying a claim for assault and battery, *see Cabral*, 2014 WL 4636433, at *10–11 (finding that the drawing of a gun and handcuffing of the plaintiff, causing wrist pain, was insufficient to survive summary judgment as to either excessive force under § 1983 or assault and battery under New York law); *see also Chamberlain*, 986 F. Supp. 2d at 398–400 (dismissing certain assault and battery claims for failure to state a claim because "[n]one of [the] actions caused a reasonable apprehension of bodily injury that [was] sufficiently imminent to constitute an assault" (internal quotation marks omitted)); *Espada v. Schneider*, 522 F. Supp. 2d 544, 555 (S.D.N.Y. 2007) (finding that state assault and battery claims are analyzed under the same standard as excessive force claims, and that "not every push or shove" is considered a

violation because "officers may need to use some degree of force in the course of an arrest" (quoting *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004))). As a result, Defendants' motion to dismiss Plaintiff's claims for state law IIED and assault and battery is granted.

### E.   *Municipal Liability*

Lastly, Defendants argue that dismissal of all claims against the City is warranted because, assuming I find that there are no viable tort claims against the individual Defendants, there is no basis for City liability under a respondeat superior theory. (*See* Defs.' Mem. 25.)

First, I find that Defendants' argument applies, although only to the underlying claims that I have already dismissed—namely those for false arrest and false imprisonment, malicious prosecution, IIED, and assault and battery. Moreover, although Plaintiff's causes of action asserting the right to be free from unreasonable searches and seizures under both federal and state law remain, a respondeat superior theory "cannot be the basis of municipal defendant liability under [§] 1983," and thus Plaintiff's municipal liability claim pursuant to § 1983 is dismissed. *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Because, however, the respondeat superior doctrine may be applied to state constitutional tort claims, Plaintiff's municipal liability claim arising from state constitutional violations for unlawful search and seizure remains. *See, e.g.*, *Williams v. City of New York*, No. 14-cv-5123 (NRB), 2015 WL 4461716, at *6 (S.D.N.Y. July 21, 2015) ("The City can, however, be liable on a respondeat superior theory with respect to claims arising from state law, including the New York State Constitution and common law."). Accordingly, Plaintiff's claims against the City are dismissed, except with regard to claims against the City arising out of Plaintiff's state law claims of unlawful search and seizure.

## V.    **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Because, considering the facts available at the time, the Officers had arguable probable cause to defeat Plaintiff's false arrest, false imprisonment, and malicious prosecution claims under both state and federal law, Defendants' motion to dismiss as to these claims is GRANTED.  Furthermore, because Plaintiff has not plausibly alleged claims for IIED or assault and battery, Defendants' motion to dismiss those claims is likewise GRANTED. With respect to the claims against the City for municipal liability under respondeat superior, Defendants' motion to dismiss is GRANTED as to all claims arising out of the false arrest and false imprisonment, malicious prosecution, IIED, and assault and battery claims, as well as the § 1983 claim for false arrest and false imprisonment.  Defendants' motion to dismiss is DENIED as to Plaintiff's unlawful search and seizure claim under both state and federal law, as well as Plaintiff's claim against the City arising out of state law unlawful search and seizure.

Parties are directed to meet and confer regarding a proposed date for Defendants to file their answer regarding the remaining claims as well as a schedule for discovery.  Parties are directed to submit a joint letter addressing these issues, as well as a proposed Case Management Plan and Scheduling Order, on or before April 10, 2018.  The Clerk of Court is respectfully directed to terminate the open motion at Document 22.

SO ORDERED.

Dated:  March 27, 2018
        New York, New York

Vernon S. Broderick
United States District Judge